# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-254V
Filed: June 2, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| WILLIAM LAHERA, | |
| Petitioner, | Ruling on Entitlement; Concession; |
| v. | Hepatitis A; Human Papillomavirus; Syncope; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*George Edward LaMarche, III, LaMarche Safranko Law, PLLC, Clifton Park, NY, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

### **RULING ON ENTITLEMENT**[1]

**Dorsey**, Chief Special Master:

On February 22, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he fainted and fell following receipt of Hepatitis A and Human Papillomavirus (Gardasil-9) vaccines on July 24, 2015, resulting in a fractured nose and partial avulsion and lingual displacement of his number 8 and 9 central incisors. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 31, 2017, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent agrees that petitioner suffered a vasovagal syncope that was "caused-in-fact" by the Hepatitis A and HPV vaccinations and further notes "that the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

patient had a predisposition to syncope, but with no history of any condition that would have caused this episode, such has a heart or neurological disorder. Additionally, the timing is reasonable for vasovagal syncope post-vaccination, with the onset of the symptoms occurring minutes after the petitioner received the vaccinations. The petitioner also experienced more than 6 months of residual effects." *Id.* at 4. Respondent further agrees that there is not an alternative diagnosis or cause for petitioner's syncope and that petitioner should be awarded compensation under the Vaccine Injury Compensation Program.  *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master